## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

| | |
|---|---|
| SEIT ALLA, Individually and on Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br>vs. )<br><br>REV-1 SOLUTIONS, LLC, )<br><br>Defendant. ) | Case No.: 17-cv-1180<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.      This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.      Plaintiff Seit Alla ("Plaintiff") is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family, or household purposes, specifically, a consumer credit card.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer transaction that included agreements to defer payment, namely a consumer credit card.

6. Defendant REV-1 Solutions, LLC ("REV-1") is a foreign corporation with its principal place of business located at 517 US Hwy 31 N, Greenwood, IN 46142.

7. REV-1 is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. REV-1 is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. REV-1 is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

9. On or about August 4, 2017, Plaintiff received a debt collection letter from REV-1. A copy of this letter is attached to this complaint as <u>Exhibit A</u>.

10. The alleged debt referenced in <u>Exhibit A</u> is an alleged debt owned by Columbia St. Mary's.

11. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. <u>Exhibit A</u> includes the text: "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org."

14. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

15.     REV-1 does not, in fact, hold a Wisconsin Collection Agency License.

16.     REV-1 is not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency.

17.     REV-1 was not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

18.     REV-1 is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited August 16, 2017).

19.     A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that REV-1 held a Wisconsin collection agency license from Oct. 1, 2012 through June 30, 2017 but did not hold a license on the date that Exhibit A was mailed.

20.     A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.").

21.     Plaintiff was confused by Exhibit A.

22.     The unsophisticated consumer would be confused by Exhibit A.

23.     Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

24.     Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of <u>Exhibit A</u>.

25.     The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

26.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

27.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

28.     Exhibit A falsely states that: "This collection agency is licensed by the Division of Banking" for the State of Wisconsin.

29.     15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30.     15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

31.     15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

32.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9) by falsely telling consumers that REV-1 was licensed by the State of Wisconsin's Division of Banking.

## COUNT II – WCA

33.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

34.     The alleged underlying transaction, i.e. incurring debt for the purpose of personal entertainment, was a consumer credit transaction or consumer transactions with an agreement to defer payment.

35.     Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being

authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

36.     By using a letter which falsely represented REV-1's licensing status in <u>Exhibit A</u>, Defendant used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

37.     Defendant violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

38.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Trident, (c) stating that Trident is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family, or household purposes, (e) on or after July 1, 2017 and up to and including September __, 2017, (f) that was not returned by the postal service.

39.     The Class is so numerous that joinder is impracticable.  Upon information and belief, there are more than 50 members of the Class.

40.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

41.     Plaintiff's claims are typical of the claims of the Class members.  All are based on the same factual and legal theories.

42.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

44.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the Class and against Defendant for:

(a)     actual damages;

(b)     statutory damages;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  August 29, 2017

**ADEMI & O'REILLY, LLP**

By:     /s/ John D. Blythin
        Shpetim Ademi (SBN 1026973)
        John D. Blythin (SBN 1046105)
        Mark A. Eldridge (SBN 1089944)
        3620 East Layton Avenue
        Cudahy, WI 53110
        (414) 482-8000
        (414) 482-8001 (fax)
        sademi@ademilaw.com
        jblythin@ademilaw.com
        meldridge@ademilaw.com